# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | |
|---|---|
| Eric A. Corbell,                    )<br>                                             )<br>                        Plaintiff,     )<br>v.                                           )<br>                                             )<br>City of Holly Hill,                  )<br>                                             )<br>                        Defendant.  )<br>_____ ) | Civil Action No. 5:13-cv-00324-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Eric A. Corbell ("Plaintiff") filed this action against Defendant City of Holly Hill ("Defendant") alleging violation of his rights protected by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. (ECF No. 1-1.)

This matter is before the court on a motion by Defendant for summary judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56 motion"). (ECF No. 22.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On August 7, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendant's Rule 56 motion. (ECF No. 38.) Plaintiff did not file objections to the Magistrate Judge's recommendation. For the reasons set forth below, the court **GRANTS** Defendant's Rule 56 motion.

## I.   RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. (See ECF No. 31.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's

claims.

Plaintiff was employed by Defendant as a police officer beginning in June 2009. (ECF No. 22-21 at 4–5.) In late July of 2011, Plaintiff began undergoing medical treatment for back pain. (Id. at 13.) Robert Wunderlich ("Wunderlich"), Defendant's chief of police, became aware of Plaintiff's back issues on or around August 4, 2011. (Id. at 20; see also ECF Nos. 22-25 at 10, 22-10.) At the time Plaintiff started having his back issues, the Holly Hill Police Department had a light duty policy in place, which policy allowed for "employees temporarily unable to perform their regular assignments because of injury, illness, or disability, to perform alternative assignments" where such light duty assignments were available. (ECF No. 22-5.) However, on September 8, 2011, Wunderlich issued a memorandum that removed the light duty provision from the police department's policies. (ECF No. 22-6) Specifically, Wunderlich's memorandum stated that "there is no more 'light duty' assignments." (Id.)

Plaintiff underwent back surgery on September 14, 2011. (ECF No. 29-1 at 32.) Plaintiff's surgery was successful and he was cleared for light duty work two (2) weeks after surgery. (ECF No. 22-11.) However, Plaintiff was not allowed to return to work on light duty after his surgery. (ECF No. 29-1 at 33–36.)

On October 16, 2011, while Plaintiff was out on unpaid leave and off-duty, he came across a car accident in Santee while riding in the car with a friend. (ECF No. 22-21 at 21.) The motorist had run off the road in an attempt to avoid hitting a deer. (Id.) At the time, Plaintiff was medicated on narcotics prescribed by his doctor for post-surgery pain. (Id. at 24, 26.) However, seeing someone in need of assistance, Plaintiff attempted to help the motorist by calling the county dispatch to retrieve an accident form that the motorist could turn over to his insurance company. (Id. at 21, 23.) While on the telephone call with the dispatch operator,

Plaintiff became agitated and began to call the dispatch operator a "knuckle" before stopping himself.  (ECF No. 22-21 at 23–24; see also ECF No. 22-22 at 14.)  However, Plaintiff subsequently, within the same telephone conversation, referred to dispatch as "dumb" and then stated "I swear, f-ing dispatch."  (ECF No. 22-21 at 24–26; ECF No 22-22 at 14, 17.)

The dispatch operator, Janissa Rickenbacker, reported the incident to her supervisor, Shirley Thompson, who subsequently contacted Defendant and sent it a recording of the October 16 call.  (ECF No. 22-22 at 12–13; ECF No. 22-23 at 11.)  Wunderlich listened to the recording and made the decision to terminate Plaintiff's employment on or around October 20, 2011, based on his verbal abuse of the dispatch operator and a prior final warning for unprofessional behavior.  (ECF No. 22-25 at 20–24; ECF No. 22-2.)

On December 6, 2011, Plaintiff filed a charge of discrimination based on disability.  (ECF No. 22-19.)  After receiving a right-to-sue letter, Plaintiff filed this action on December 10, 2012, in the Orangeburg County (South Carolina) Court of Common Pleas alleging that Defendant violated his rights protected by the ADA.  (ECF No. 1-1.)  On February 5, 2013, Defendant removed the action to this court.  (ECF No. 1.)  Thereafter, on September 23, 2013, Defendant filed a Rule 56 motion.  (ECF No. 22.)  Plaintiff filed a response in opposition to Defendant's Rule 56 motion on November 8, 2013, to which Defendant filed a reply in support of summary judgment on November 18, 2013.  (ECF Nos. 29, 30.)

## II.  LEGAL STANDARD

A.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only

those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.    Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties'

4

differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Cmty. Coll. of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

C.     Discrimination Claims Under the ADA

The ADA protects individuals from discrimination "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Courts analyze ADA claims under a modified version of the three-step framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Heiko v. Colombo Savings Bank, 434 F.3d 249, 258 (4th Cir. 2006). Under McDonnell Douglas, the plaintiff must first prove a prima facie case of discrimination by a preponderance of the evidence. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996). If the plaintiff establishes a prima facie case, an inference of discrimination is raised and the burden shifts to defendant to produce admissible evidence that the defendant took adverse employment action "for a legitimate, non-discriminatory reason." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the defendant carries its burden, the presumption of discrimination created by the prima facie case disappears from the case, and the plaintiff must then prove by a preponderance of the evidence that the defendant's articulated reason was a pretext for unlawful discrimination. See id. at 253–55. In order for a plaintiff to demonstrate pretext, he must prove "the legitimate reasons offered by the defendant were not its true reasons,

but were a pretext for discrimination." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000).

### III.     ANALYSIS

A.     The Report and Recommendation

Initially, the Magistrate Judge observed that Plaintiff alleged violations of the ADA based both upon his termination from employment and Defendant's alleged failure to accommodate his disability. (ECF No. 38 at 5.) Upon her review, the Magistrate Judge found that Plaintiff failed to controvert Defendant's argument that he was discharged for his own misconduct and he also could not demonstrate that he was fulfilling Defendant's legitimate expectations at the time of discharge. (ECF No. 38 at 6–7.) Moreover, the Magistrate Judge was not convinced that Defendant's alleged failure to follow its own policies suggested that it "was motivated by illegal discriminatory intent or that the substantive reasons given [] for its employment decision were pretextual." (Id. at 8 (citing, e.g., Randle v. City of Aurora, 69 F.3d 441, 454 (10th Cir. 1995)).) The Magistrate Judge further found that the evidence demonstrated that Defendant provided Plaintiff with a reasonable accommodation when he was allowed unpaid leave after the expiration of his paid sick leave to allow time for recovery. (Id. at 10 ("Such leave constitutes a reasonable request and accommodation where it is '(1) for a limited, finite period of time; (2) consists of accrued paid leave or unpaid leave; and (3) is shown to be likely to achieve a level of success that will enable the individual to perform the essential functions of the job in question.'") (citing Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 n.7 (4th Cir. 2013)).) Based on the foregoing, the Magistrate Judge recommended granting Defendant's Rule 56 motion.

B.     Plaintiff's Objections

Plaintiff did not file objections to the Magistrate Judge's recommendation that Defendant's Rule 56 motion be granted.

C.    The Court's Review

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  After carefully reviewing the record and the applicable law, the court agrees with the Magistrate Judge's findings.  Accordingly, Defendant's Rule 56 motion should be granted as to Plaintiff's claims for discrimination under the ADA.

## IV.    CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** the motion by Defendant City of Holly Hill for summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 22.)  The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 22, 2014
Columbia, South Carolina